IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN P. JANDREW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:23CV800 |
| ) | |
| DOCTOR CORIGAN, MEDICAL ) | |
| DIRECTOR, Well Path, DOE ) | |
| DISCOVERY, OFFICER ORTEGA, ) | |
| OFFICER BAILEY, member of Perk ) | |
| Team, OFFICER KEHELY, and ) | |
| OFFICER LENARD, MDO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

In July 2021, John P. Jandrew was a pre-trial detainee at the Rowan County Detention Center ("RCDC") when, as he alleged, correction officers used excessive force against him and Doctor Corigan[1] ("Dr. Corrigan") was deliberately indifferent to his need for hip replacement surgery. *See* Compl. & Supp., Docket Entries 2, 3; Add'l Supp., Docket Entry 36 (collectively "Amended Complaint"). He then sued the correction officers and Dr. Corrigan pursuant to 42 U.S.C. § 1983 for damages.

But the law requires the plaintiff to have exhausted his remedies at the

RCDC before filing suit in federal court, and he failed to do so. Therefore, this Court dismissed all claims against the Officer Defendants, as well as claims against the defendants identified as "Medical Director" and "Doe Discovery." *See* Order and R. & R. of the United States Magistrate Judge, Docket Entry 34, *adopted*, Order, Docket Entry 48 ("Dismissal Order"). That left Dr. Corrigan as the only remaining defendant.

The plaintiff prematurely appealed the Dismissal Order which stayed the matter before this court. *See* Text Order Staying Case (Feb. 21, 2025).

---

[1] Doctor Corigan's name is properly spelled Corrigan. *See* Kevin John

Corrigan's Mot. to Dismiss, Docket Entry 50.

The Fourth Circuit Court of Appeals dismissed the plaintiff's appeal for lack of jurisdiction and issued its mandate on December 16, 2025. Docket Entries 74–76.

Therefore, now before the Court are the following twelve motions:

- Motion for Summary Judgment, Docket Entry 33;

- Motion to Appoint Counsel, Docket Entry 37;

- Motion for Entry of Default Against Kevin Corigan, Docket Entry 38;

- Motion to Implement North Carolina's Waiver of PLRA Affirmative Defense, Docket Entry 40;

- Rule 56(d) Motion, Docket Entry 41;

- Kevin John Corrigan's Motion to Dismiss, Docket Entry 50;

- Motion for a Court Order for the Jai[l] to Provide Legal Materials/Motion for Appointment of Counsel, Docket Entry 58;

- Motion for Copies and to have Marshals Effectuate Service upon Defendant's Counsel Jennifer B. Milak the Amended Complaint with Leave, Docket Entry 59;

- Motion for Leave to Amend Complaint/Amended Complaint, Docket Entry 61;

- Rules 59 and 60 Motion, Docket Entry 63;

- Motion for Temporary Restraining Order (TRO)/Preliminary Injunction, Docket Entry 68; and

- Motion to Renew Prior Filings Pertaining to Defendant Corrigan, Docket Entry 77.

In sum, the plaintiff's lawsuit survives as to the defendant, Dr. Corrigan. The Court will direct the United States Marshals Service effect service on him. The Court will not appoint counsel for the plaintiff, nor grant his motion for a default judgment against the as-yet-unserved defendant. And finally, the Court recommends that all other pending dispositive motions be denied.

I.     DISCUSSION

   A. The Court grants the plaintiff's motion to renew his prior filings, Docket Entry 77.

After the Fourth Circuit Court of Appeals dismissed the plaintiff's appeal, but before it issued its mandate, the plaintiff moved to renew the motions on which the Court had yet to rule at the time of the appeal, Docket Entry 77. The Fourth Circuit Court of Appeals has issued its

mandate, and all pending motions are before the Court. The plaintiff's motion is granted.

        B. The Court grants the plaintiff's motion for leave to amend the Amended Complaint, Docket Entry 61.

The plaintiff seeks leave to amend his Amended Complaint[2] "(1) to rectify the service issue; (2) to change the damages amount as he suffered for several additional months after filing this action; (3) to clarify Defendant Corrigan's actions; (4) to clear up Defendant Corrigan's identity." Docket Entry 61 ¶ 5.

Dr. Corrigan opposes the plaintiff's motion, *see* Docket Entry 62, but bases his argument on proceedings that have nothing to do with this action and the erroneous assertion that this Court lacks jurisdiction over this matter. Dr. Corrigan describes another case in which the Fourth Circuit Court of Appeals administratively closed the appeal which, according to Dr. Corrigan, results in that court maintaining jurisdiction over this matter. If this Court has jurisdiction, Dr. Corrigan argues that this Court dismissed the

Complaint and entered a final judgment. This is not so.

When a party fails to file a response brief, or, in this case, fails to file a response brief addressing the motion, the Court will "consid[er] and decide[]" the motion "as an uncontested motion," and will "ordinarily . . . grant[] [the motion] without further leave." L.R. 7.3(k). Thus, the Court could grant the plaintiff's motion without further assessment, but the merits of the motion also support granting of leave.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend a complaint] when justice so requires."[3] A court may deny leave when the amendment would be futile, meaning it is "clearly insufficient or frivolous on its face" or "the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

Here, the plaintiff alleges that Dr. Corrigan was acting under color of state law when he was deliberately indifferent to the plaintiff's serious medical needs. *See* Mot. for Leave to Amend Compl./Amended Compl. at ¶¶ 16–23. Although the plaintiff brings this claim under the Fourth,

---

[2] The "Amended Complaint" is the initial Complaint, Docket Entries 2 and 3, plus the Supplement to the initial Complaint, Docket Entry 36.

[3] Considering that the plaintiff never effectuated service on Dr. Corrigan, *see*

*infra* at 6, the plaintiff may also alternatively have leave to amend his Amended Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a).

Fifth, Eighth, and Fourteenth Amendments, as a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment protects him from such action. *See Short v. Hartman*, 87 F.4th 593, 608–09 (4th Cir. 2023). Therefore, this amended pleading, "Second Amended Complaint," is treated as bringing a deliberate indifference claim under 42 U.S.C. § 1983 for a violation of the plaintiff's Fourteenth Amendment Due Process rights.

To state a claim for deliberate indifference to a medical need, "a pretrial detainee must plead that (1) [he] had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Id.* at 611.

While the familiar pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies, the Court construes a *pro se* plaintiff's complaint liberally in his favor, *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015). Here, the plaintiff has sufficiently stated a deliberate indifference claim against Dr. Corrigan, and, thus, it is not futile to grant leave to amend the Amended Complaint.

The plaintiff's motion for leave is granted. Pages 6 through 10, as the plaintiff has numbered the pages, of the Motion for Leave to Amend Complaint, entitled "Amended Complaint" will be treated as the operative Second Amended Complaint.

Because the plaintiff never effectuated service of a complaint on Dr. Corrigan, *see infra* at 6, he must properly serve Dr. Corrigan with a copy of the summons and Second Amended Complaint as Rule 4 requires. Failure to do so will lead to dismissal of the action.

> C. The Court grants in part and denies in part the plaintiff's motion for copies and to have the United States Marshals Service effect service, Docket Entry 59.

The plaintiff has moved the Court to order the staff at the RCDC to make copies for him and for the United States Marshals Service to serve Dr. Corrigan's attorney, Docket Entry 59. The plaintiff claims that the staff at the RCDC refuses to make copies of documents he needs for court. Assuming *arguendo* that this claim is properly before the Court, there is no party to this action that can be ordered to do so. This portion of the motion is denied.

The plaintiff is indigent, and, therefore, his request to have the United States Marshals Service serve Dr. Corrigan is granted in part. But it

is the plaintiff who must determine the proper individual and address to serve so the Court will not order service on Dr. Corrigan's attorney.

Therefore, the Court grants this motion in part as to the request for the United States Marshals Service to serve Dr. Corrigan but denies this motion in part as to ordering service on Dr. Corrigan's attorney and as to order copies.

> D. The Court denies the plaintiff's motions to appoint counsel, Docket Entries 37 and 58.

The plaintiff moved for appointment of counsel, Docket Entry 37, shortly after he moved for summary judgment. He has since filed another motion requesting appointment of counsel, Docket Entry 58.

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Instead, court assistance in obtaining counsel constitutes "a matter within the discretion of the District Court. It is a privilege and not a right." *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968). In this regard, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." *Miller*, 814 F.2d at

966 (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975)).

"[T]he existence of exceptional circumstances in each case 'hinges on characteristics of the claim and the litigant.'" *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated in part on other grounds*, *Mallard v. U.S. Dist. Ct. for S.D. Iowa*, 490 U.S. 296 (1989)). "The district court must therefore assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." *Id*.

As to the first prong, the plaintiff's claim of deliberate indifference against Dr. Corrigan is not frivolous. While this claim will require him to show that Dr. Corrigan knew of and disregarded an objectively serious medical need, the plaintiff, as the allegedly injured party, knows the facts and evidence supporting those facts. His pleadings and filings directed at Dr. Corrigan show that the plaintiff understands the claim.

Furthermore, the plaintiff has thus far advocated effectively for himself. He has successfully sought amendments to his complaint, paid heed to the Clerk's denial of his first motion for entry of default against Dr. Corrigan by requesting a renewed summons for an attempted second service, and,

after the Fourth Circuit dismissed his appeal, moved to renew all of his prior filings. *See, e.g.*, Docket Entries 17, 30, 61, 77. In addition, he has responded to the defendants' motions and sought extensions of time to respond to at least one. *See, e.g.*, Docket Entries 19, 24. And he filed comprehensive objections to the Recommended Ruling. *See* Docket Entry 43.

At this stage in the litigation, there are no exceptional circumstances warranting appointment of counsel for the plaintiff. To the extent that the plaintiff requests, in his most recent motion, appointment of counsel for all of his pending civil cases, he must move for counsel in each matter separately. His motion for appointment of counsel at Docket Entry 37 is denied as moot and the motion for appointment of counsel at Docket Entry 58 is denied without prejudice.[4]

E. The Court denies the plaintiff's motion for entry of default against Dr. Corrigan, Docket Entry 38.

The plaintiff moved for a second time for entry of default against Dr. Corrigan, Docket Entry 38.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," the party's default must be entered. Fed. R. Civ. P. 55(a).

However, the plaintiff did not properly serve Dr. Corrigan with the complaint. *See* Docket Entries 8 (serving Paulette Stroupe), 32 (serving Crystal Blevins), 50 (Aff. Kevin John Corrigan (Sept. 24, 2024)). Therefore, there were no claims for relief against which he must defend himself.

The Court denies the plaintiff's motion for entry of default against Dr. Corrigan.

F. The Court should deny the following motions.

1. The plaintiff's motion for summary judgment, Docket Entry 33

The plaintiff moved for summary judgment against the Officer Defendants, Docket Entry 33, after their fully briefed motion to dismiss was referred to the Court for consideration.

As noted above, the Court granted the Officer Defendants' motion to dismiss, and they are no longer parties in this action. Therefore, the

---

[4] The plaintiff includes in his motion for appointment of counsel, Docket Entry 58, a request to order staff at the RCDC to provide him materials to pursue his legal claims. No one at the RCDC nor the

RCDC itself is a defendant in this action, and Dr. Corrigan is not alleged to have any responsibility for the provision of materials to the plaintiff. This portion of the motion is denied.

Case 1:23-cv-00800-WO-JGM    Document 78    Filed 06/04/26    Page 6 of 10

Court should deny as moot the plaintiff's motion for summary judgment on his claims against them.

>    2. The plaintiff's motion to implement North Carolina's waiver of PLRA Affirmative Defense, Docket Entry 40

The plaintiff has filed a Motion to Implement North Carolina's Waiver of PLRA Affirmative Defense, Docket Entry 40, asking the Court to waive the exhaustion requirement in the interest of justice. He cites to North Carolina General Statute § 148-118.2(b) which provides "that the court can waive the exhaustion requirement if it finds such waiver to be in the interest of justice."[5]

Not only has the Court dismissed the claims against the Officer Defendants to which this motion relates, but the Court has also already ruled on the plaintiff's request for this relief. In his objections to the Recommendation, the plaintiff asked that the Court stay the matter for ninety days to permit him to exhaust his remedies or recognize that North Carolina General Statute Section 148-118.1 allows a court to waive the exhaustion requirement in the interest of justice. *See* Obj. to Mag. J.'s Order & Recommendations ¶¶ 21–45, Docket Entry 43.

The District Judge then made "'a *de novo* determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection [was] made.'" *See* Order at 2 (quoting 28 U.S.C. § 636(b)(1)). The District Judge's "*de novo* determination" was "in accord with the Magistrate Judge's Recommendation," and the District Judge adopted the Recommendation. *Id*. In other words, the Court assessed the plaintiff's exhaustion arguments and still found the dismissal recommendation appropriate.

The Court should deny this motion as moot.

>    3. The plaintiff's 56(d) motion, Docket Entry 41

The plaintiff filed a motion entitled "Rule 56(d) Motion" in which he asks the court to defer considering the Officer Defendants' motion for summary judgment "or preferably" to deny it, Docket Entry 41.

According to the plaintiff, evidence available through discovery would show that he exhausted his available remedies and would support his claims through summary judgment.

Not only has the Court dismissed the claims against the Officer Defendants to which this motion relates, but the

---

[5] The PLRA itself does not allow for judicial discretion, but it does provide a "textual exception" when remedies are not available to the prisoner. *See Ross v.*

*Black*, 578 U.S. 632, 638–42 (2016); *see also id*. at 643–44 (defining when remedies are unavailable to the inmate).

Court already assessed this very argument when the plaintiff included it in his objections to the Recommendation. *See generally* Obj. to Mag. J.'s Order & Recommendations. But, as explained above, after review, the Court adopted the Recommendation. Order at 2. Therefore, the Court should deny this motion as moot.

### 4. Dr. Corrigan's motion to dismiss, Docket Entry 50

Dr. Corrigan has moved to dismiss the (amended) complaint, Docket Entry 50, for failure to effectuate service and failure to state a claim.

Indeed, the plaintiff failed to serve Dr. Corrigan with the summons and Complaint. *See* Docket Entries 8 (serving Paulette Stroupe); 32 (serving Crystal Blevins); 50 (Aff. Kevin John Corrigan (Sept. 24, 2024)).[6] However, because the undersigned is granting the plaintiff's motion to amend his Amended Complaint, the Court should deny Dr. Corrigan's motion to dismiss as moot.

### 5. The plaintiff's Rules 59 and 60 motion, Docket Entry 63

The plaintiff moves for relief from a final judgment in this case, pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, Docket Entry 63. However, the Court has not entered a final judgment in this action. The Court should deny this motion.

### 6. The plaintiff's motion for a temporary restraining order or preliminary injunction, Docket Entry 68

The plaintiff seeks a temporary restraining order and preliminary injunction against Sheriff Travis Allen and those acting in concert with him that orders them to provide the plaintiff with legal materials, Docket Entry 68. However, neither Sheriff Allen nor anyone associated with him is a defendant in this action. To the extent that the plaintiff requests that the Court enjoin Sheriff Allen's actions in the plaintiff's other pending civil actions, the plaintiff must move in those cases separately.[7] The Court should deny this motion.

---

[6] Dr. Corrigan's subsequent opposition to the plaintiff's motion to amend and other filings would likely not have waived his challenge to personal jurisdiction. *See, e.g.*, *Fowler v. SSC Seneca Operating Co., LLC*, No. 8:21-00430-HMH, 2023 WL 35936, at *3–*4 (D.S.C. Jan. 4, 2023). Nevertheless, this challenge is moot considering the granting of leave for the plaintiff to amend his Amended Complaint.

[7] The plaintiff lists three cases numbers on this motion and asked for the injunction "for all above said case numbers."

8

## II. CONCLUSION

**IT IS HEREBY ORDERED** that:

- Motion to Appoint Counsel, Docket Entry 37, is DENIED AS MOOT;

- Motion for Entry of Default Against Kevin Corigan, Docket Entry 38, is DENIED;

- Motion for a Court Order for the Jai[l] to Provide Legal Materials/Motion for Appointment of Counsel, Docket Entry 58, is DENIED as to the Order for Legal Materials and DENIED WITHOUT PREJUDICE as to the appointment of counsel;

- Motion for Copies and to have Marshals Effectuate Service upon Defendant's Counsel Jennifer B. Milak the Amended Complaint with Leave, Docket Entry 59, is GRANTED as to the United States Marshals Service serving Dr. Corrigan with the summons and Second Amended Complaint and otherwise DENIED;

- Motion for Leave to Amend Complaint/Amended Complaint, Docket Entry 61, is GRANTED;

- Motion to Renew Prior Filings Pertaining to Defendant Corrigan, Docket Entry 77, is GRANTED;

- The Clerk shall file pages 6 through 10, as the plaintiff numbered the pages, of Docket Entry 61 as the Second Amended Complaint;

- The Clerk shall send the plaintiff a summons; the plaintiff must then fill out a summons for Dr. Corrigan, including an address suitable for service, and then return the summons to the Clerk. **FAILURE TO PROVIDE AN ADDRESS WHEREIN SERVICE MAY BE MADE ON THE DEFENDANT WILL RESULT IN THE DISMISSAL OF THE ACTION AS TO THE UNSERVED DEFENDANT AFTER 90 DAYS FROM THE FILING OF THIS ORDER**; and

- The United States Marshal, upon return of the properly completed summons, shall serve the Complaint on the defendant.

**IT IS HEREBY RECOMMENDED THAT:**

- The Court DENY AS MOOT the Motion for Summary Judgment, Docket Entry 33;

9

- The Court DENY AS MOOT the Motion to Implement North Carolina's Waiver of PLRA Affirmative Defense, Docket Entry 40;

- The Court DENY AS MOOT the Rule 56(d) Motion, Docket Entry 41;

- The Court DENY AS MOOT Kevin John Corrigan's Motion to Dismiss, Docket Entry 50;

- The Court DENY the Rules 59 and 60 Motion, Docket Entry 63; and

- The Court DENY the Motion for Temporary Restraining Order (TRO)/Preliminary Injunction, Docket Entry 68.

This the 4th day of June 2026.

JoAnna Gibson McFadden
United States Magistrate Judge

10