FILED
in the Middle District of
North Carolina

06/04/2026
2:48 PM

Clerk, US District Court
By: _____ SSC

## Amended Complaint

16. Acting in official Capacity, Kevin John Corrigan Then Acting as the medical director of WellPath, whom was Contracted by Rowan County to Provide medical services to the inmates of Rowan County Detention Center, was acting under Color of State law, acting in an official Capacity, exercising Power given by WellPath and the State, Violated the Plaintiff's Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment Rights of the United State's Constitution.

## Fourth Amendment

17. The Plaintiff was arrested, Soon It will bee Shown without Probable Cause. Additionally, the Plaintiff was held for over a Year Preindictment. At time of arrest, the Plaintiff was diagnosed by an outside Specialist as needing a full hip replacement, the diagnosis was neccosis of the hip, my hip bone was deteriorating. The Plaintiff filed Several grievances and Medical request In regward to his Condition getting worse. The Plaintiff was wrongfully assaulted by the Jail Staff, this assault made the Condition almost Intolerable. Kevin J. Corrigan was deliberately Indifferent to my serious medical needs, Prolonged getting the Surgery, Claiming they would fix it in Prison.

6,

## Fifth Amendment

18. The Charge the Plaintiff was arrested on has just been dismissed. Therefore, the Plaintiff suffered physical pain without due process of laws, and was deprived of proper Medical treatment where Defendant Corrigan was deliberately indifferent to the Plaintiff's serious medical needs without due process of law. In addition, his comments about getting my hip fixed in Prison and his in-actions in regard to getting my surgery, are further proof of Defendant Corrigan being deliberately indifferent to the Plaintiff's serious medical needs, without due process of law. This made applicable to the state through the Fourteenth Amendment.

## Eighth Amendment

19. The Eighth Amendment is made applicable to the states via the Fourteenth Amendment. It was evident by sight and by the sound of the Plaintiff's hip (loudly clunking) that the Plaintiff was in serious pain, and had a serious medical condition that was in desprite [sic] need of Attention. Because of Defendant Corrigan's deliberate indifference to to the Plaintiff's serious medical needs, the Plaintiff suffered cruel and unusual punishment as a Pretrial detainee. This being more evident due to the diagnosis that was ignored, which was given by outside specialist.

## Ninth Amendment

20. At this time, it is unclear which Rights were violated under the Ninth Amendment, however, the Plaintiff fully believes that non enumerated rights have been violated.

## Fourteenth Amendment

21. In addition to the abovesaid violations, the Plaintiff was made to suffer from 9-02-2022 until 1-16-2024. During this time, the outside hip specialists diagnosed the condition's only treatment option to be a full hip replacement. It was plain to any lay person, that the Plaintiff was in constant chronic pain. When at last the Plaintiff received the hip surgery, the specialist informed the Plaintiff and officers who sat through the surgery, that Defendant Corrigan stalling the surgery as long as he did, nearly prevented the procedure from being able to be completed, that the Plaintiff's hip was nearly inoperable. Additionally, Defendant Corrigan was attempting to treat the condition with non approved medication which did not regrow bone and was not helping with the pain. Defendant Corrigan was deliberately indifferent to the Plaintiff, a pretrial detainee's, serious medical needs.

8.

## Relief Requested

22. The Plaintiff initially requested damages in the amount of $50,000.00. Due to new research and Defendant Corrigan's extended neglect in treating the Plaintiff's condition, along with the pro-longed suffering the Plaintiff endured, the fact that the condition, when treated, was neglected to the point where it was nearly inoperable, the Plaintiff request a change in damages, which also covers the extra time, material and resources, to extend to the amount of $200,000.00. — $100,000.00 in Compensatory and $100,000.00 in Punitive damages.

23. Additionally, the Plaintiff request a declaratory Judgment, declaring that medical services cannot be denied to a pretrial detainee under the presumption that they will be going to prison and can have their condition treated then, especially where a pretrial detainee is in chronic pain and only relief is in treatment.

9.

Wherefore the Plaintiff makes prayer to this Honorable Court, Pursuant to Fed. R. Civ. P. Rule 15, and, in the demands of Justice, for leave to amend his complaint, making the attached amendments in addition to the original Complaint, and effecting service upon Counsel for the Defendant, Kevin J. Corrigan;

For any and all further relief that this Court may deem Just and proper.

Respectfully Submitted;
This the 16th day of June 2025

John P. Jandrew

John P. Jandrew
Rowan County Jail
115 W. Liberty St.
Salisbury, NC.
28144

10.